Hon. R. C. WATTS, Associate Justice and Chief Justice.

·Hon. THOS. P. COTHRAN, Associate Justice

Hon. J. HARDIN MARION, Associate Justice

Hon. EUGENE S. BLEASE, Associate Justice

Hon. JOHN G. STABLER, Associate Justice

Hon. JESSE F. CARTER, Associate Justice

12317

### CLARKSON ET AL. v. PEURIFOY, RECEIVER

(140 S. E., 262)

Banks and Banking—Where Bank Required Deposit as Condition to Loan to C., Depositor Could not Reach C.'s Note Under Doctrine of Equitable Set-Off.—Where bank required D.'s deposit at 4 per cent. as condition to bank's loaning same amount to C. at 8 per cent., D. could not, after failure of bank, reach bank's assets, consisting of C.'s note, which C..was willing to pay, under doctrine of equitable set-off, since rights of D. were in no way affected by liability of C., and she had no such equitable rights in loan made by bank to C. as to entitle D. to set-off claimed.

Before Townsend, J., Richland, June, 1927. Affirmed.

Action by John I. Rice and others against the City of Columbia and others, in which James E. Peurifoy was appointed receiver and in which J. S. H. Clarkson and another,. doing business as Clarkson Bros., and another, filed a petition against the receiver. From a decree for respondent, petitioners appeal.

The decree of the Circuit Court is as follows:

"This was a petition by J. S. H. Clarkson and R. B. Clarkson, doing business as Clarkson Bros., and Mrs. Arthur F. deJersey, against James E. Peurifoy, Receiver of American Bank & Trust Company, for the purpose of offsetting against a note and indebtedness of Clarkson Bros. to American Bank & Trust Company a certificate of deposit in the same bank which belonged to Mrs. deJersey.

"This proceeding was brought in the original cause of John I. Rice et al. against the City of Columbia et al., and there is little dispute about the facts, which the Court finds to be:

"1. That on or about July 7, 1925, Wm. Anderson Clarkson, who was attorney for Mrs. Arthur deJersey and had in his hands as such attorney some of her funds, made an arrangement with American Bank & Trust Company, through J. Pope Matthews, chairman of its board of directors, by which he deposited with said Bank & Trust Company the sum of $2,000.00 of the funds and moneys of his client, Mrs. deJersey. For this deposit he took a certificate of deposit from this bank, and the original certificate appears to have been issued to Mr. Clarkson without any other designation. This certificate was payable to his order on return of the certificate, and bore interest at the rate of 4 per cent. if allowed to remain six months.

"2. At the same time J. S. H. Clarkson and R. B. Clarkson, two brothers, who are engaged in business under the name of Clarkson Bros. at Lugoff, S. C., acting through said Wm. A. Clarkson, as their attorney, borrowed from American Bank & Trust Company the sum of $2,000.00, and gave their note. Apparently the original was signed by them individually, and was payable 90 days after date.

"3. The testimony of Wm. Anderson Clarkson is that he would not have made the deposit except for the agreement by the bank to make the loan to his brothers, and that the loan would not have been made except for the deposit, and

that there was an implied agreement or condition that the deposit should remain as long as the loan stood open. In this he is corroborated by J. Pope Matthews, with whom the negotiations were had. Mr. Clarkson also testifies that he told his client about the proposed deposit and that it was for the purpose of obtaining a loan or credit for another client of his.

"Mrs. deJersey testified in substance that he told her about his contemplated deposit and that she knew it was to advance some interest of some client, but she did not know who; that she asked Mr. Clarkson if the bank was safe, and upon his assurance that it was, she consented to the deposit.

"4. At the end of the three months, to wit, on or about the 5th day of October, 1925, the note was renewed and the certificate of deposit was renewed, such renewal bearing date October 7, 1925. The certificate of deposit was not renewed after said date, but the interest on the same was paid on January 7, 1926, and on April 7, 1926, as appears by indorsement of credits thereon, apparently made in the handwriting of some employee of the bank and signed by Wm. Anderson Clarkson, attorney.

"When the certificate of deposit was renewed on October 7, 1925, it was issued in the name of Wm. Anderson Clarkson, attorney, and was payable to the order of himself as attorney, on return of the certificate properly indorsed. This certificate of deposit is indorsed on the back, "Pay to the order of Mrs. A. F. deJersey, Wm. Anderson Clarkson, Attorney." Near the bottom on the back it is also indorsed, "Mrs. Arthur F. deJersey"; but this last indorsement was put on it after the closing of American Bank & Trust Company.

"The certificate of deposit was retained by Mr. Clarkson as attorney for Mrs. deJersey, and was kept with and among her papers.

"5. At the time the note was renewed in October, 1925, it was renewed for 30 days and was signed Clarkson Bros.,

by J. S. H. Clarkson, and indorsed on the back by J. S. H. Clarkson and R. B. Clarkson, the two brothers who composed the firm. It was renewed thereafter each 30 days until January, 1926, when it was renewed for 90 days. And this last note is in the hands of the receiver and is set up in the answer of the receiver by way of counterclaim upon which he asks judgment against Clarkson Bros. as a firm and individual.

"6. Mr. Wm. Anderson Clarkson also testified that the firm of Clarkson Bros. was perfectly solvent and able to pay its indebtedness. There is no evidence that the certificate of deposit was really held at any time by American Bank & Trust Company as security for this note, and Mrs. deJersey did not know of the creation of the indebtedness by Clarkson Bros., and certainly did not consciously give her assent to the use of her certificate of deposit as such security.

"From all the evidence in the case and under the law as the Court understands it, it is of the opinion that no right of set-off exists in this case. The debts are not mutual and did not exist in the same rights. To allow this certificate of deposit to be thus offset and paid in full would be to allow an advantage to this depositor over the great mass of depositors and to violate the rule of equity which is the cardinal rule of a Court of Equity in the distribution of the assets of insolvent corporations.

"It is, therefore, adjudged that James E. Peurifoy, Receiver of American Bank & Trust Company, have judgment against J. S. H. Clarkson and R. B. Clarkson, individually and as partners under the firm name of Clarkson Bros., for the sum of $2,157.33, being the principal, together with interest thereon at the rate of 8 per cent., as provided in the note from its maturity, July 5, 1926, to this date, June 29th, and for the further sum of $100.00, which is adjudged to be a reasonable attorney's fee for the attorney for said receiver, and for the costs of this action, together with interest from this date according to law. Further, that Mrs. Arthur

F. deJersey is entitled, as a depositor of said bank, to share *pro rata* with all other depositors in the dividends declared by said bank upon her certificate of deposit."

*Mr. Wm. Anderson Clarkson,* for appellants, cites: *Lower Court decided case under strict rule of mutuality:* 124 S. C., 386. *Insolvency created an equity which suspended the strict rules of legal set-off requiring mutuality:* 136 S. C., 198; 39 S. C., 86; 146 U. S., 499; 45 Atl., 23; 32 N. E., 706; 239 S. W., 105; 121 N. Y. S., 189; 58 N. W., 826. *Set-off not a preference; only balance, if any, forms part of the assets of the insolvent:* 136 U. S., 233; 58 N. W., 826; 141 Pac., 1181; 23 N. J., 283; 45 N. W., 223. *Receiver has right to apply proceeds of a note placed in depositor's open account to payment of note:* 2 Michie, Banks and Banking, 1019, Sec. 134.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for respondent, cite: *Set-off:* 2 Michie, Banks and Banking, 1015, 1016, 1061, Secs. 133–135; 293 Fed., 665; 146 U. S., 507, 508. *Applies only in cases of mutual debts existing between the same parties in the same right:* 1 Michie, Banks and Banking, 555, Sec. 77; 3 R. C. L., 591, Sec. 219; 24 R. C. L., 858, Sec. 62; 146 U. S., 507; 268 U. S., 234; 196 U. S., 509, 510; Rose's Notes, 322; 1 Morse on Banks and Banking (4th Ed.), Sec. 334; 124 S. C., 386. *Equitable set-off:* 136 S. C., 140; 136 S. C., 198; 24 R. C. L., 865, Sec. 70; Id., 843, Sec. 48; 2 Michie, Banks and Banking, 1017, Sec. 134; 261 U. S., 453; 146 U. S., 507–511; Rose's Notes, 193, 194. *Equality should guide in the distribution of the assets of insolvents:* 136 S. C., 514, 515; 77 S. C., 305.

November 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The appeal in this case presents but one question: Is a person who made a $2,000.00 loan to a bank at 4 per cent. on a certificate of deposit, which induced the bank to make a loan of $2,000.00 at 8 per cent. to another person, entitled, the bank having subsequently failed, to an equitable set-off of the two claims, one against the other?

A statement of the agreed facts is set out in full in the decree of the Circuit Court, which will be reported.

It is admitted that the loan (deposit?) made by Mrs. deJersey to the bank was a condition required by the bank for its making the loan to Clarkson Bros.; but Mrs. deJersey did not place her certificate of deposit with the bank as security for the Clarkson loan, nor did she become in any way responsible for its payment, and if the Clarksons had become insolvent and unable to meet their note, the bank would have been the sole loser. Mrs. deJersey could have at any time assigned her certificate of deposit to another, without reference to the Clarkson loan.

The fact that the bank received 4 per cent. more on the loan made by it than it was paying Mrs. deJersey does not avail her. Although her attorney and agent was also acting for Clarkson Bros., she did not make a loan direct to them at 8 per cent., the inference being that she considered a loan to the bank at 4 per cent. the more desirable.

Under the arrangements made, the bank took whatever risk there was in making the loan to Clarkson Bros., charging 8 per cent. interest as it had a right to do; and in case of failure of the Clarksons to pay their note, Mrs. deJersey's loan to the bank would be in no way affected, as she would have the right to call upon the bank for payment in full and the bank would be compelled to respond.

In the face of these facts—it being stated by the appellants that Clarkson Bros. can and will pay the whole amount due on their note—Mrs. deJersey argues that she is entitled to reach the bank's asset, the Clarkson note, under the doctrine of equitable set-off.

We think the contention is without merit. It is not claimed that there could be a legal set-off, as the debts are not mutual ones existing between the same parties in the same right (*Scott v. Armstrong,* 146 U. S., 507; 13 S. Ct., 150; 36 L. Ed., 1062); it is equally clear to the Court that, in equity, the set-off should not be allowed, for the reason that the facts show that the rights of Mrs. deJersey were in no way affected by the liability of the Clarkson Bros., and that she had no such equitable rights in the loan made by the bank to them as would entitle her to the set-off claimed.

The decree of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and CARTER concur.

MR. JUSTICE BLEASE disqualified.